# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| NATIONAL COMMUNICATIONS GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GREAT LAKES COMMUNICATIONS CORP., <br><br> Defendant. | No. C 07-4037-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO TRANSFER OR REASSIGN CASE** |

_____

## *I. INTRODUCTION*

This matter comes before the court pursuant to the March 28, 2008, Motion To Transfer Or To Re-Designate (docket no. 14) filed by defendant Great Lakes Communications Corp. (Great Lakes). Plaintiff National Communications Group (National) filed a Resistance (docket no. 15) to Great Lakes's motion on April 11, 2008, and Great Lakes filed a Reply (docket no. 18) in further support of its motion on April 18, 2008). Neither party requested oral arguments on Great Lakes's motion in the manner required by local rules, so the motion is now fully submitted.

In a Complaint (docket no. 2) filed May 8, 2007, National, a nationwide telecommunications services company organized under the laws of Indiana with its principal place of business in Indianapolis, Indiana, alleges that Great Lakes, a competitive local exchange carrier organized under the laws of Iowa with its home office in Spencer, Iowa, has breached a contract between the parties whereby National would provide customers who would utilize Great Lakes's services and Great Lakes would pay National

a marketing fee based on the number of minutes of usage by National-supplied customers. In an Answer (docket no. 5) filed July 9, 2007, Great Lakes denied National's breach-of-contract claim and asserted various affirmative defenses and counterclaims, including a claim for declaratory judgment that National has been unjustly enriched and must indemnify Great Lakes for marketing fees, if litigation in the Southern District of Iowa brought by various interexchange carriers (IXCs) against competitive local exchange carriers (CLECs) including Great Lakes requires Great Lakes to refund all or any portion of access fee payments made to Great Lakes by an IXC for terminating certain traffic placed by National's customers and handed off to Great Lakes. A central allegation of Great Lakes's counterclaims appears to be that it only had to pay National a marketing fee from access fees that Great Lakes actually was paid by interexchange carriers (IXCs) for terminating long-distance calls placed by National's customers.

In the motion now before the court, Great Lakes requests that the court transfer this case to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a), so that it can be addressed in conjunction with related cases pending there or, in the alternative, re-designate the case to be heard by Judge Gritzner of the Southern District of Iowa pursuant to his cross-designation in this district, because Judge Gritzner is presiding over various cases involving similar issues. In its motion, Great Lakes argues that a central issue in this case is whether National's traffic "terminated" on Great Lakes's network, which is also a central issue in the Southern District Litigation. Thus, Great Lakes argues that transfer of this case to the Southern District is appropriate, in the interests of justice and judicial economy, and more specifically, to avoid the potential for uneconomical overlap of judicial effort and the possibility of inconsistent rulings. Great Lakes also asserts that the comparable Southern District litigation has been pending for several months and that Judge Gritzner, consequently, has developed considerable expertise and familiarity with the

2

issues essential to disposition of this case. Next, Great Lakes argues that such a transfer will not impose meaningful additional costs, burdens, or prejudice on either party or any witnesses, because it is just as easy for National, a nationwide company, to litigate in one district in Iowa as another, third-party witnesses are likewise from out-of-state companies that cannot be more inconvenienced by appearing in one district or the other, and Great Lakes itself, the "home" entity, is already involved in the Southern District litigation and will not find it more inconvenient to litigate this case there as well. Although Great Lakes admits that the conduct at issue in this case occurred in this district, Great Lakes argues that fact has no real bearing on the suit. In the alternative, Great Lakes argues that the case should be reassigned to Judge Gritzner, pursuant to his cross-designation in this district, because of his familiarity with the issues involved.

In its Resistance, National contends that the fundamental issues in this case and the Southern District litigation are different, because what is at issue here is simply the question of whether Great Lakes has failed to pay for services rendered under a marketing agreement. Thus, National contends that the Southern District litigation involves different parties and complex regulatory issues not at issue here. Under these circumstances, National argues that the "convenience" factors considered by courts pursuant to § 1404(a) certainly do not warrant transfer of this case to the Southern District of Iowa, because, *inter alia*, National contends that litigating in this district will be more convenient *to Great Lakes and its witnesses* than litigating in the Southern District. National also argues that the parties' agreement was negotiated and performed in this district. Next, National argues that the "interests of justice" does not warrant setting aside its choice of forum in this case, because, in reality, there will be no real judicial economy to be gained from transferring this litigation to the Southern District where the parties and issues are different. National argues that a transfer will only complicate and delay resolution of this case. National also

argues that it has chosen a forum closely related to the cause of action, so that its choice should not be lightly ignored. Finally, National argues that any similarity of the issues in this matter and in matters pending before Judge Gritzner are not so significant that the case should be reassigned to Judge Gritzner pursuant to his cross-designation in this district.

In reply, Great Lakes reiterates that this case is not merely a breach-of-contract case, but even to the extent that it is, the breach-of-contract claim cannot be resolved without consideration of the call termination issue that is being litigated in the Southern District. Thus, Great Lakes contends that transfer is appropriate to avoid the potential for conflicting judgments. Great Lakes also points out that this matter is not so close to trial that either party will be inconvenienced by a transfer. Great Lakes also reiterates its contention that the Southern District is a more convenient forum than this district, for example, because Great Lakes, the party in this district, is the party moving for a transfer, and National has made its personnel available for depositions in this case in the Southern District.

## II. LEGAL ANALYSIS

### A. Applicable Standards

Section § 1404(a) of Title 28 of the United States Code "governs the ability of a federal district court to transfer a case to another district." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.), *cert. denied*, 522 U.S. 1029 (1997). Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

4

28 U.S.C. § 1404(a). Section 1404(a) was designed "as a 'federal housekeeping measure,' allowing for easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Even though the statute was intended to allow for easy change of venue, "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc.*, 119 F.3d at 695 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (8th Cir. 1995); *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

In its *Terra* decision, the Eighth Circuit Court of Appeals recapitulated the following analytical framework to be employed in considering a motion to transfer under § 1404(a):

> The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. [28 U.S.C. § 1404(a)]. Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors.

*Terra Int'l, Inc.*, 119 F.3d at 691 (citing 28 U.S.C. § 1404(a)). In appraising the first two "convenience," categories, the Eighth Circuit Court of Appeals approved of this court's consideration of the following five factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and

5

> documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Id.* at 696 (citing *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334, 1357-61 (N.D. Iowa 1996)). With respect to the final category, the "interests of justice," the Eighth Circuit Court of Appeals also agreed with this court's consideration of the following seven factors:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696 (citing *Terra Int'l, Inc.*, 922 F. Supp. at 1361-63). In another context, application of the "first-filed rule" to determine which of two federal district courts should entertain comparable lawsuits involving the same parties, the Eighth Circuit Court of Appeals has also recognized that judicial economy and the interests of justice are disserved when two separate courts grapple with the same controversy, opening up a potential for conflicting rulings. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

With these standards in mind, the court turns to consideration of whether this action should be transferred to the Southern District, where Great Lakes contends that similar litigation is pending, in the interests of justice, judicial economy, and the convenience of parties and witnesses.

### B. *Application Of The Standards*

Application of the "convenience" factors in this case does not clearly warrant setting aside the plaintiff's choice of forum. *Terra Int'l, Inc.*, 119 F.3d at 695 ("In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."). Indeed, the court is not convinced that any of the "convenience" factors identified in *Terra Int'l, Inc.*, 119 F.3d at 696, weigh substantially in favor of either this forum or the Southern District of Iowa. Somewhat more specifically, the parties are equally able to appear in either the Southern or the Northern District, as Great Lakes is a party to litigation in both fora and National is a nationwide company, and for the same reasons, the accessibility of records and documents does not weigh strongly in favor of one forum or the other, particularly where the "local" party, Great Lakes, asserts no impediment to litigation in either district on that score. *Terra Int'l, Inc.*, 119 F.3d at 696 (citing these factors as two of the "convenience" factors). The applicability of each forum state's substantive law is simply irrelevant here, where both candidate fora are in Iowa. *Id.* (another factor). Similarly, Great Lakes, the "local" party asserts that its witnesses can appear just as easily in either district, there is no showing that they would be unwilling to appear or unable to respond to subpoenas to appear in the Southern District, and it appears likely that deposition testimony will be adequate for most witnesses in this case. *Id.* (another factor). Only the factor considering where the conduct complained of occurred, *id.*, which, in this case, is in this district, weighs in favor of one forum (the current forum) over the candidate forum and, as Great Lakes contends, that factor appears to be of relatively little importance in a case of this nature.

Similarly, the "interests of justice" factors do not clearly warrant setting aside the plaintiff's choice of forum. *Terra Int'l, Inc.*, 119 F.3d at 695 (the party seeking transfer

must overcome the deference to be given to the plaintiff's choice of forum). The court finds that several of the "interests of justice" factors—the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law, *Terra Int'l, Inc.*, 119 F.3d at 696—simply have little or no bearing here. That leaves judicial economy and the plaintiff's choice of forum. *Id.* The plaintiff's choice of forum is this district, and the court is not convinced that judicial economy will necessarily be better served by transferring this case to the Southern District. Although the court is persuaded that there is some overlap among the issues in this case and the issues in various cases involving Great Lakes and different long-distance carriers in the Southern District, National has demonstrated that this case is not necessarily amenable to consolidation with those other cases, owing to differences in some issues and procedural footing. Indeed, the court believes that a transfer might result in unnecessary complication and delay of the present litigation or the Southern District litigation into which it would be inserted. The court also believes that any potential for inconsistent rulings can be minimized, *see Northwest Airlines*, 989 F.2d at 1006 (a potential for conflicting rulings disserves judicial economy and the interests of justice), where the Southern District litigation appears to be considerably more advanced than the present litigation and, thus, is likely to reach an earlier resolution, so that disposition of truly similar issues in that litigation might guide this court in its disposition of those issues in this case.

Therefore, upon consideration of all pertinent factors, the court finds that transfer of this action to the Southern District of Iowa pursuant to § 1404(a) is not appropriate.

Nor is the court persuaded that any similarity of issues is sufficient that judicial economy and the best interests of the parties will be served by reassigning this case to Judge Gritzner, even though he is cross-designated in this district. Although Judge

Gritzner is the judge presiding over the litigation in the Southern District of Iowa and he has, without doubt, already developed considerable familiarity with the issues in that litigation, the court is not convinced, owing to differences in the issues presented here, that Judge Gritzner should also be burdened with this case.

THEREFORE, the defendant's March 28, 2008, Motion To Transfer Or To Re-Designate (docket no. 14) is **denied**, and this case will neither be transferred to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a), nor reassigned to Judge Gritzner pursuant to his cross-designation in this district.

**IT IS SO ORDERED.**

**DATED** this 9th day of May, 2008.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA